# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MARCUS TAITE, AIS 180664,          :

    Petitioner,          :

vs.          :          CA 10-0329-KD-C

CARTER DAVENPORT, et al.,          :

    Respondents.

## REPORT AND RECOMMENDATION

Marcus Taite, an Alabama prison inmate presently confined at G.K. Fountain Correctional Facility, in Atmore, Alabama, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging the April 7, 2010 decision of the Alabama Board of Pardons and Parole denying his request for a pardon/parole. This matter has been referred to the undersigned for the entry of a report and

---

[1]    Taite's petition contains numerous citations to 28 U.S.C. § 2241. (Doc. 1, at 4, 8, 11, 12 & 15; *see also* Doc. 9, "Analysis") Regardless of which section petitioner is proceeding under, the result is the same. *See Dill v. Holt*, 371 F.3d 1301, 1302-1303 (11th Cir. 2004) ("'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. For that reason, even though Dill brought his petition seeking relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement if he is 'in custody pursuant to the judgment of a State court.' And he is." (internal citation omitted)).

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Taite the opportunity to exhaust his state remedies.[2]

## FINDINGS OF FACT

1.      According to the allegations gleaned from the petition for writ of  habeas corpus filed on June 25, 2010 (Doc. 1), Taite was convicted of second-degree burglary in 1999 in an unidentified Alabama circuit court and, on November 2, 1999, was sentenced to life imprisonment (*see id.* at 2).

2.      In his petition filed in this Court, Taite adamantly states that he is not challenging his "conviction of Nov 2, 1999[]" (*id*. at 14), but then, like a Whirling Dervish, he tergiversates and claims that the Alabama Board of Pardons and Paroles should have granted him a full pardon, or at least parole, on April 7, 2010 since he is actually innocent of the second-degree burglary for which he stands convicted (*see, e.g., id*. at 3 & 6).

3.      It is apparent from Taite's federal habeas petition that petitioner has not filed a petition for writ of certiorari in the Circuit Court of Montgomery, Alabama, and appealed same to Alabama's appellate courts, to challenge the April 7, 2010 decision of

---

[2]      Tate's motion for evidentiary hearing (Doc. 3), his request for a habeas corpus injunction (Doc. 4), and his request for discovery and inspection of documents (Doc. 5), are **DENIED**. His most recently filed motion, that is, his motion to proceed without prepayment of fees (Doc. 9), is determined to be **MOOT** in light of the contents of this report and recommendation.

the Board of Pardons and Paroles. (*See* Doc. 1)  According to petitioner, it would be futile for him to file a petition for writ of certiorari in the Montgomery County circuit court since he has sued, in a civil case, all the judges of that court. (*See id*. at 6, 8 & 10-12)

**CONCLUSIONS OF LAW**

1.      A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

2.      A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those

claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

      3.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 &

7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

4.      The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A

federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

5.      It is clear under Alabama law, that one complete round of review of a decision by the Alabama Board of Pardons and Paroles denying parole/pardon includes: "(1) filing a petition for certiorari in state circuit court[;][3] (2) appealing the denial of that

---

[3]      "A petition for a writ of certiorari filed in the circuit court is the proper method to challenge a ruling of the Alabama Board of Pardons and Paroles." *Johnson v. State*, 729 So.2d 897, 898 (Ala.Crim.App. 1997); *see also Bostwick v. Alabama Board of Pardons & Paroles*, 865 So.2d 1245, 1246 (Ala.Crim.App. 2003) ("'In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission.'"); *Tedder v. Alabama Board of Pardons & Paroles*, 677 So.2d 1261, 1262 (Ala.Crim.App.) ("A petition for a writ of certiorari filed in the Circuit Court is the correct method to challenge an administrative board's ruling."), *cert. denied*, 518 U.S. 1008, 116 S.Ct. 2531, 135 L.Ed.2d 1054 (1996).

petition to the Alabama Court of Criminal Appeals[;] (3) petitioning the Alabama Court of Criminal Appeals for rehearing[;] and (4) seeking discretionary review in the Alabama Supreme Court[.]" *Dill, supra,* 371 F.3d at 1303 (internal citations omitted; footnote added). By his own admission, Taite has failed to pursue these state remedies and his argument that it would be futile for him to exhaust his state remedies since he has sued all the judges on the Montgomery County Circuit Court cannot withstand scrutiny since it is clear, based upon Exhibit A attached to the petition,[4] that the judges of that court, if necessary, will recuse themselves and petitioner will receive an unbiased decision on his certiorari petition from an impartial circuit judge sitting elsewhere in Alabama. More importantly, petitioner's argument in this regard does not establish that Alabama's appellate courts should not be given the opportunity to consider his claims in the first instance regarding a decision by an Alabama administrative body. *Compare Johnson, supra,* 729 So.2d at 898 ("Judicial review of administrative acts and decisions is limited

---

[4]     Exhibit A is simply a criminal case action summary sheet from the Circuit Court of Montgomery County, Alabama reflecting a charge against petitioner from 2008 for promoting prison contraband and also reflecting a docket sheet entry dated June 2, 2009 wherein all judges of that court recused themselves from petitioner's case. (Doc. 1, Exhibit A) Taite's prison contraband case was then transferred to a circuit judge in Dale County and apparently remains pending. (*See id.*) The action of all judges of the Circuit Court of Montgomery County, Alabama in recusing themselves in the prison contraband case simply does not reflect, as Taite argues, that he is being denied access to the Circuit Court of Montgomery County, Alabama for purposes of filing a writ of certiorari challenging the decision of the Alabama Board of Pardons and Paroles in this case. Petitioner has full access to that court for purposes of filing a certiorari petition. For the sake of all concerned, however, including petitioner himself, a circuit judge outside Montgomery County, Alabama may well be transferred any such petition filed by Taite.

in scope; ordinarily the courts will pass only on the questions whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary.") *with Strong v. Alabama Board of Pardons & Paroles*, 859 So.2d 1201, 1204 (Ala.Crim.App. 2001) ("The right to a parole is a privilege granted by the people of Alabama to those committed to our penal institutions as punishment for crimes. Obtaining an early release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement. While no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists, a prisoner has the right to be properly considered for parole. The paroling authority must comply with constitutional requirements and may not determine parole eligibility on improper grounds. A parole should not be denied for false, insufficient, or capricious reasons." (internal citations and quotation marks omitted)). Clearly, Alabama courts, in the first instance, as opposed to this Court, should consider challenges by Alabama prisoners to decisions of the Alabama Board of Pardons and Paroles denying parole. Because Taite has not met § 2254(b)(1)(A)'s exhaustion requirement, this action should be dismissed without prejudice to allow him the opportunity to exhaust state remedies.

6.      Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the

undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Taite has not exhausted his claims in the state courts of Alabama and this Court must dismiss all of his

claims to allow him to return to state court to exhaust his state remedies as to these unexhausted claims, *compare Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007) *with Dill, supra,* 371 F.3d at 1303 ("The district court was correct to dismiss his habeas petition for failure to exhaust state court remedies."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Taite should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

The Magistrate Judge recommends that Marcus Taite's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma*

*pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of July, 2010.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to   do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

        [5]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).